UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES V. STATLER, JR., <br> Petitioner, <br> v. <br> EDWARD BORLA, Warden,[1] <br> Respondent. | Case No. 23-cv-01925 BLF (PR) <br><br> **ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY** <br><br><br> (Docket No. 16) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state sentence. Dkt. No. 11.[2] The Court screened the petition and found it stated a cognizable claim. Dkt. No. 13. Respondent filed a motion to dismiss the petition as untimely and for failure to raise a cognizable claim. Dkt. No. 16.

---

[1] Respondent points out that Petitioner is currently in the custody of Edward Borla, Warden of the Correctional Training Facility. Dkt. No. 16 at 1, fn. 1. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The Court will deem the petition amended to name the proper Respondent as Warden Borla rather than Martinez. *See Dubrin v. California*, 720 F.3d 1095, 1100 (9th Cir. 2013).

[2] The case-initiating petition was not signed. Dkt. No. 1. Petitioner later filed a signed petition which is the operative petition. Dkt. No. 11.

Petitioner did not file an opposition although given an opportunity to do so.

For the reasons set forth below, Respondent's motion to dismiss the petition is GRANTED.

## I. BACKGROUND

A Lake County Superior Court jury found Petitioner guilty of kidnapping, carjacking, unlawful taking and driving of a vehicle, and making criminal threats. Dkt. No. 16 at 2, citing *People v. Statler*, 2016 WL 5462082, at *4 (Cal. Ct. App. 2016) ("*Statler*"); Dkt. No. 1 at 1. In a bifurcated bench trial, the court found prior conviction and prior prison term sentencing enhancements to be true. *Statler*, 2016 WL 5462082 at *1, 4. The court sentenced Petitioner to a total state prison term of 27 years and eight months. *Id.* at *4. The California Court of Appeal affirmed the judgment on appeal. *Id.* at *1, 9. On December 14, 2016, the California Supreme Court denied a petition for review. Ex. 1[3]; Dkt. No. 16 at 7.

On March 16, 2022, Petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on April 5, 2022. Ex.2; Dkt. No. 16 at 9.

In June 2022, Petitioner filed a motion in superior court seeking to stay a restitution fine that was imposed when he was sentenced in 2014; the motion was denied. Ex. 3 (7/26/22 entry); Dkt. No. 16 at 11. On July 15, 2022, Petitioner tried to appeal the superior court's order denying his motion to stay the restitution fine. *Id.* (7/15/22 and 7/25/22 entries). On July 26, 2022, the California Court of Appeal found the superior court's order was not appealable and dismissed the appeal. *Id.* (7/26/22 entry).

On December 22, 2022, Petitioner again tried appealing the superior court's order denying his motion to stay the restitution fine. Ex. 4 (12/22/22 and 1/5/23 entries); Dkt. No. 16 at 13. On January 6, 2023, the California Court of Appeal again dismissed the appeal as the superior court's order was not appealable. *Id.* (1/26/23 entry).

---

[3] All references to exhibits are to the ones submitted with Respondent's motion to dismiss. Dkt. No. 16.

On March 1, 2023, Petitioner filed a petition for writ of mandate/prohibition in the California Court of Appeal, seeking to vacate the superior court's denial of his motion for discovery. Ex. 5 (3/1/23 entries); Dkt. No. 16 at 15. On March 9, 2023, the state appellate court denied the petition. *Id.* (3/9/23 entry).

On April 18, 2023, Petitioner filed a petition for writ of habeas corpus in this Court. Dkt. No. 1; Dkt. No. 1-2 at 2.[4]

On April 20, 2023, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition on July 19, 2023. Ex. 6; Dkt. No. 16 at 17.

After this matter was closed and then reopened for good cause shown, Dkt. Nos. 9, 12, the Court ordered Respondent to respond to the petition on November 9, 2023. Dkt. No. 13.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-year limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner

---

[4] Respondent concedes that under the "mailbox rule," the petition is deemed constructively filed when it is delivered to prison officials for filing. Dkt. No. 16 at 2, fn. 2, citing *Houston v. Lack*, 487 U.S. 266, 270 (1988).

actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Respondent asserts that Petitioner did not file this federal petition until April 18, 2023, over five years after AEDPA's filing deadline expired. Dkt. No. 16 at 4. Respondent also asserts that none of Petitioner's state post-conviction petitions tolled the

one-year limitations period because they were filed long after the limitations period had already expired. *Id.* Respondent asserts that the petition is therefore untimely and subject to dismissal with prejudice. *Id.* Petitioner has filed no opposition to argue otherwise.

After a careful review of the papers, the Court finds the instant action is untimely. The undisputed record shows that Petitioner appealed his conviction all the way to the state high court, which denied review on December 14, 2016. *See supra* at 2. There is no indication that he sought a writ of certiorari from the United States Supreme Court. Accordingly, AEDPA's one-year limitations period began to run ninety days later, *i.e.*, on March 14, 2017, when the time allotted for doing so expired. *Smith*, 159 F.3d at 348. Petitioner thereafter had one year, *i.e.*, until March 14, 2018, to file a timely federal habeas action. However, Petitioner did not file this action until over five years later, on April 18, 2023. Dkt. No. 1. Unless tolling applies, the petition is untimely.

Petitioner is not entitled to statutory tolling because his first state habeas petition to the state appellate court was filed on March 16, 2022, and a second to the state high court on April 20, 2023, both long after the limitations period had already expired. *See Ferguson*, 321 F.3d at 823. Lastly, all the motions Petitioner filed in state court thereafter, assuming they constitute "state post-conviction or other collateral review," do not entitle him to statutory tolling because they were also filed long after the limitations expired.

Based on the foregoing, the petition must be dismissed in its entirety as untimely. Respondent's motion to dismiss based thereon should be granted. Accordingly, the Court need not address Respondent's other grounds for dismissal. Dkt. No. 16 at 4.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 16. The petition for a writ of habeas corpus is **DISMISSED with prejudice** as untimely.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on

certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated:   October 25, 2024

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA
P:\PRO-SE\BLF\HC.23\01925Statler_grant-mtd(sol)